IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WESTROCK CP, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>WALL TIMBER PRODUCTS, INC.,<br>RADIUM2 CAPITAL, INC., INFLUX<br>CAPITAL, LLC, BIZFUND, LLC, and<br>ACE FUNDING SOURCE, LLC,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) FILE NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR INTERPLEADER**

COMES NOW WestRock CP, LLC ("WestRock") and hereby files its Complaint for Interpleader against Defendants/Claimants Wall Timber Products, Inc. ("Wall Timber"), Radium2 Capital, Inc. ("Radium2"), Influx Capital, LLC ("Influx"), Bizfund, LLC ("Bizfund"), and Ace Funding Source, LLC ("AFS" and together with Wall Timber, Radium2, Influx, and Bizfund, the "Defendant-Claimants"), respectfully showing the Court as follows:

32720690 v1

## PARTIES, JURISDICTION AND VENUE

1.

WestRock is a limited liability company and its sole member is WestRock RKT Company which is incorporated in Georgia and maintains its principal place of business in Sandy Springs, Georgia. WestRock's counsel is providing a file-stamped copy of this Complaint to the attorneys or representatives of the Defendant-Claimants by email or Federal Express in addition to service of process.

2.

Wall Timber is incorporated in South Carolina and registered with the Georgia Secretary of State to transact business in Georgia. According to documents filed with the Georgia Secretary of State, Wall Timber's principal office is located in South Carolina at 3 North Hampton Avenue, Fairfax, SC 29827. Wall Timber transacts business throughout the state of Georgia, including transactions with WestRock in this district and division that form the basis for WestRock interpleading funds in this case. Wall Timber may be served through its registered agent in South Carolina, J. Wyman Wall III, at the company's registered address located at 3 North Hampton Avenue, Fairfax, SC 29827, or through an appropriate agent at the company's offices.

3.

Radium2 is a New York corporation with its principal place of business located at 300 RXR Plaza, Uniondale, NY 11556. Radium2 may be served through its registered agent in New York, Lindsey Rohan, Esq., 8 Lafayette Avenue, Lake Grove, NY 11755, or through an appropriate agent at the company's offices.

4.

Influx is a New York limited liability company and may be served through an appropriate agent at the company's offices at 32 Court Street, Suite 205, Brooklyn, NY 11201. Influx's members and their citizenships are unknown to WestRock, but diversity of citizenship is established through other parties as described below.

5.

Bizfund is a Delaware limited liability company and may be served through its registered agent in Delaware, Americhoice Incorporators Ltd., 1201 N. Orange St., Suite 762, One Commerce Center, Wilmington, DE 19801, or through an appropriate agent at Bizfund's offices at 2371 McDonald Avenue, Brooklyn, NY 11223. Bizfund's members and their citizenships are unknown to WestRock, but diversity of citizenship is established through other parties as described below.

6.

AFS is a New York limited liability company and may be served through its registered agent in New York, Registered Agents Inc., 90 State Street, Suite 700, Office

40, Albany, NY 12207, or through an appropriate agent at AFS's offices at 366 North Broadway, Jericho, NY 11753. AFS's members and their citizenships are unknown to WestRock, but diversity of citizenship is established through other parties as described below.

7.

This Court has subject matter jurisdiction under 28 U.S.C. § 1335 because two or more adverse claimants in this action are of diverse citizenship. Specifically, Wall Timber is a citizen of South Carolina[1] and Radium2 is a citizen of New York. In addition, the amount in controversy exceeds $500.00. WestRock is depositing the disputed funds in the amount of $223,088.70 into the registry of the Court upon entry of an Order permitting same as required Fed. R. Civ. P. 67 and Local Rule 67.1(A). This Court, therefore, has jurisdiction of this case.

---

[1] Wall Timber is incorporated in South Carolina and has designated its "principal office" with the Georgia Secretary of State as 3 North Hampton Avenue, Fairfax, South Carolina. As explained in more detail below, Wall Timber's sole shareholder and agent was Britt Wall who died on October 25, 2018. According to his online obituary, https://www.saulsfh.com/notices/Britt-Wall, Britt Grant resided in South Carolina and his funeral was held in Fairfax, South Carolina. Based on these facts, WestRock has concluded that Wall Timber's principal place of business is located in South Carolina. If it turns out that the principal place of business is located in Georgia, WestRock believes that Wall Timber's citizenship is still diverse from the other Defendant-Claimants.

8.

In addition to jurisdiction under 28 U.S.C. § 1335, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy is greater than $75,000.00 and there is complete diversity of citizenship between WestRock, which is a citizen of Georgia, and each of the Defendant-Claimants, which are not citizens of Georgia (which WestRock understands and believes is the case).

9.

Venue is proper in this district pursuant to 28 U.S.C. § 1397 because at least one of the Defendant-Claimants resides in this district. Wall Timber is registered to transact business in Georgia and transacts business in Georgia, including within this judicial district. Wall Timber is subject to the Court's personal jurisdiction in this district and is deemed to reside in this district for venue purposes. See 28 U.S.C. § 1391(c)(2). Venue is also proper under 28 U.S.C. § 1391(b)(2) because it is where a substantial part of the events or omissions giving rise to the claims occurred (and where the subject property is situated) and Wall Timber contractually consented to venue in this District.

10.

This Court has jurisdiction over each of the parties pursuant to 28 U.S.C. § 2361.

32720690 v1

## SUMMARY OF ACTION

11.

This is an action in interpleader brought pursuant to 28 U.S.C. §§ 1335, 1397, and 2361.  WestRock is Wall Timber's account debtor and is indebted to Wall Timber in the amount of $223,088.70.  The other four Defendant-Claimants claim to have purchased Wall Timber's accounts receivable and have contacted WestRock demanding payment to them instead of Wall Timber based on alleged assignments.  Wall Timber has refused to acknowledge, or been unable to acknowledge, the validity of the assignments and various circumstances have suggested that they could be invalid or contested by Wall Timber or other, unknown creditors.  WestRock is concerned that if it pays the alleged assignees or Wall Timber it could be exposed to double liability on the same debt.  WestRock seeks to interplead the funds, obtain a complete discharge from further liability to any of the Defendant-Claimants or any unknown or unidentified claimants, and allow the true parties in interest to resolve their accounts.

## FACTS

12.

Wall Timber is, or was, a trucking company that transports wood products utilized in the paper and pulp industry, among other things.

13.

Wall Timber is (or was) a supplier or vendor to WestRock.

14.

WestRock is Wall Timber's account debtor, as that term is used in Georgia's Uniform Commercial Code.

15.

WestRock is indebted to Wall Timber in the amount of $223,088.70 on the account (the "Disputed Funds") for services rendered by Wall Timber to WestRock.

16.

On information and belief, Wall Timber's principal, sole shareholder, sole officer and sole agent, Britt Wall, died in October 2018. Further on information and belief, when Mr. Wall died, Wall Timber had no authorized persons to take care of the business and the affairs of the business have left Wall Timber's creditors scrambling to obtain payment and Wall Timber's account debtors like WestRock unsure of who to pay or what to do.

17.

WestRock has received notices from Radium2, Influx, Bizfund, and AFS each claiming to be entitled to the Disputed Funds as assignees of Wall Timber's accounts. See O.C.G.A. § 11-9-406.

18.

WestRock received a notice from Radium2 dated October 30, 2018, claiming to be owed $1,431,818.16 and requesting that WestRock pay Radium2 instead of paying Wall Timber. A true and correct copy of the notice received from Radium2 (without enclosures) is attached hereto as Exhibit A.

19.

WestRock received a notice from a collections firm for Influx dated November 21, 2018, claiming to be owed $1,087,300.00 and requesting that WestRock pay Influx instead of paying Wall Timber. A true and correct copy of the notice received from Influx (without enclosures) is attached hereto as Exhibit B.

20.

WestRock received a notice from Bizfund dated October 31, 2018, claiming to be owed $1,225,554.00 and requesting that WestRock pay Bizfund instead of paying Wall Timber. A true and correct copy of the notice received from Bizfund (without enclosures) is attached hereto as Exhibit C.

21.

WestRock received a notice from an attorney for AFS dated November 9, 2018, claiming to be owed $1,536,109.00 and requesting that WestRock pay AFS instead of

paying Wall Timber.  A true and correct copy of the notice received from AFS's counsel (without enclosures) is attached hereto as Exhibit D.

22.

Upon receipt of the notices, WestRock attempted to contact Wall Timber to discuss the claims of the claimants.  On December 5, 2018, WestRock sent Wall Timber a letter enclosing the four notices and notifying Wall Timber that WestRock intended to satisfy its indebtedness to Wall Timber with payment to the four assignees in amounts that total the Disputed Funds amount (with the percentages determined by the four assignees).  A true and correct copy of WestRock's December 5 letter to Wall Timber (without enclosures) is attached hereto as Exhibit E.

23.

On December 7, 2018, WestRock's counsel received a phone call from Wayman Wall, claiming to be an agent of Wall Timber, in response to WestRock's letter.  Mr. Wall identified himself as Britt Wall's brother but said he does not know whether Wall Timber sold its accounts to the alleged assignees.  Mr. Wall suggested the claims of the claimants are not legitimate, although he offered no support for that assertion.

24.

WestRock also received a call on December 7, 2018 from an attorney representing Britt Wall's widow, who informed WestRock that she believed that Britt Wall was the

only person authorized to act on behalf of Wall Timber and that there are many creditors of Wall Timber, including more factoring companies who have not yet made any claim to WestRock and whose identities are not known to WestRock.

25.

WestRock does not know who is entitled to the funds that WestRock presently holds for Wall Timber and is concerned that it may be subjected to double liability and/or multiple lawsuits if it turns the Disputed Funds over to Wall Timber or the other Defendant-Claimants.

## COUNT ONE
## COMPLAINT FOR STATUTORY INTERPLEADER

26.

WestRock incorporates its allegations above as if fully set forth herein.

27.

The Disputed Funds, $223,088.70, are in excess of the $500.00 jurisdictional amount set forth in 28 U.S.C. § 1335. WestRock seeks to deposit the Disputed Funds into the Court's registry so that it may be discharged of all liability relating thereto.

28.

WestRock is unable to determine which of the Defendant-Claimants is entitled to receive the Disputed Funds.

29.

WestRock is a disinterested party and claims no interest in the Disputed Funds, other than an amount to reimburse it for bringing this interpleader action in good faith.

30.

Some of the Defendant-Claimants have asserted conflicting and adverse claims to the Disputed Funds, each seeking to recover the Disputed Funds from WestRock and, as a result, WestRock fears being exposed to multiple or vexatious litigation, especially in light of the information that other claimants likely exist.

31.

WestRock seeks to deposit the Disputed Funds with the Court and requests that it be discharged from any further claims for damages resulting from the Disputed Funds.

32.

WestRock further requests that this Court award it $7,596.50 to be paid from the Disputed Funds to reimburse WestRock for its efforts to resolve the claims and file this interpleader action in good faith. See Prudential Ins. Co. v. Boyd, 781 F.2d 1494, 1497-

98 (11th Cir. 1986); <u>Kawasaki Kisen Kaisha, Ltd. v. All City Used Auto Parts, Inc.</u>, 306 Fed. Appx. 480, 482 (11th Cir. 2009); O.C.G.A. § 23-3-90(b).

WHEREFORE, WestRock respectfully requests as follows:

(a)   that the Court enter an order, in the form attached hereto as Exhibit "F," permitting WestRock to deposit the Disputed Funds into the Registry of the Court pending further order of the Court;

(b)   that the Court issue process in the manner and form and returnable as by law required for each and all of the Defendant-Claimants, directed to the Marshal of the district of the residence of each of the Defendant-Claimants, and enter an order restraining them from instituting or prosecuting any proceeding in any state or United States court affecting the Disputed Funds until further order of this Court;

(c)   that Defendant-Claimants be required to interplead and settle their claims with respect to the Disputed Funds;

(d)   that WestRock be discharged from further liability to any of the Defendant-Claimants or anyone claiming a right to the Disputed Funds, and to be discharged from this action;

(e)   that the Court award WestRock an amount not less than $7,596.50 to reimburse it for its expenses and reasonable attorney's fees, taxable as costs against the

fund, for WestRock's good faith efforts with respect to this action and the Disputed Funds; and

(g) that WestRock have such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted this 14th day of December, 2018.

/s/ John O'Shea Sullivan
John O'Shea Sullivan
Georgia Bar No. 691305
ssullivan@burr.com
Bret A. Beldt
Georgia Bar No. 940327
bbeldt@burr.com
*Attorneys for WestRock CP, LLC*

**BURR & FORMAN, LLP**
171 Seventeenth Street, N.W., Suite 1100
Atlanta, Georgia  30363
Telephone: (404) 815-3000
Fax: (404) 817-3244